IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO A. YBARRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:03-cv-867-DRH |
| ) | |
| CITY OF O'FALLON, IL., et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, on the Second Order to Show Cause issued by this Court on September 28, 2005 (Doc. 28). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On July 1, 2005, a stay in this case was lifted and this matter was set for a jury trial during the month of June, 2006 (Doc. 23). On July 12, 2005, the parties were notified of a telephonic scheduling conference to occur on August 8, 2005 (Doc. 24). The telephonic conference was converted into an in-person scheduling conference to take place on August 8, 2005 (Doc. 25). This matter was called for the conference at 8:30 a.m. and at 9:02 a.m. on August 8, 2005; however, the Plaintiff failed to appear (Doc. 26). An Order to Show Cause was issued on August 9, 2005 directing the Plaintiff to show cause why he failed to appear, in writing, by August 19, 2005. No response was filed on August 19, 2005. On September 28, 2005, this Court issued a second order to show cause. The Plaintiff was instructed to respond to this second order by October 21, 2005. The order was mailed by the Plaintiff by certified mail. On October 19, 2005, the order was returned to the Clerk's Office as "unclaimed" (Doc. 29). As

such, no response to the second order to show cause has been filed.

## CONCLUSIONS OF LAW

This is the third time that this Court is addressing the Plaintiff's failure to follow the orders of the Court and his general failure to participate in this lawsuit. This matter is now stalled due to the Plaintiff's failure to prosecute this case by failing to participate in the scheduling of this case and by failing to respond to the orders of this Court. Federal Rule of Civil Procedure 16(f) provides that if a party fails to appear at a scheduling conference or is otherwise unprepared, this Court may enter an order "with regard thereto as [is] just. . . ." The sanctions that can be imposed include the striking of pleadings, a finding of contempt of court, and/or the dismissal of an action. See FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2). In addition, the failure to abide by the orders of this Court carry the same type of possible sanctions.

It is clear that the Plaintiff has failed to participate in the scheduling of this matter and has failed to respond to the Orders of this Court. It is also clear that the Plaintiff has failed to keep the Clerk's office informed of his current address as required by Local Rule 3.1. The Plaintiff has been give three opportunities to participate in this lawsuit and has failed to do so. The Plaintiff has been adequately warned that the failure to participate will result in the dismissal of this lawsuit.

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10)

days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 3, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**